Filed 12/16/13  P. v. Gallardo CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B246666 |
| Plaintiff and Respondent, | (Los Angeles County |
| v. | Super. Ct. No.  KA095245) |
| EDWARD LARRY GALLARDO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mike Camacho, Judge.  Affirmed.

Paul Stubb, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.

_____

On August 17, 2011, Los Angeles County Sheriff's Deputy Joseph Morales and his partner, Deputy Lopez, detained a Nissan Maxima that appellant was driving for a traffic violation. After discovering appellant was on parole, Deputy Lopez searched appellant's person and recovered a baggie of methamphetamine, a balloon of heroin, and $531 in cash. Inside the car, Deputy Morales found two baggies of methamphetamine, three baggies of cocaine, and three syringes filled with heroin in liquid form. The deputies also recovered a loaded and stolen revolver underneath the car's hood.

A jury found appellant guilty of possession of cocaine for sale (Health & Saf. Code, § 11351; count 1),[1] transportation of cocaine (§ 11352, subd. (a); count 2), possession of methamphetamine for sale (§ 11378; count 3), transportation of methamphetamine (§ 11379, subd. (a); count 4), possession of heroin while armed with a firearm (§ 11370.1, subd. (a); count 5), carrying a loaded and stolen firearm in public (Pen. Code, § 12031, subd. (a)(1); count 6), possession of a firearm by a felon (Pen. Code, § 12021, subd. (a)(1); count 7), and driving on a suspended or revoked license (Veh. Code, § 14601.1, subd. (a); count 9).[2]

On June 14, 2012, appellant requested new counsel, citing a conflict of interest. The trial court ruled it could not relieve trial counsel because counsel was retained, not appointed. On June 22, 2012, new counsel appeared on behalf of appellant. On the same date, the trial court found true that appellant had suffered one section 11370.2, subdivision (c) prior conviction, three Penal Code section 667.5, subdivision (b) priors, and nine "strike" priors.

On December 31, 2012, appellant filed a motion for new trial based upon

---

[1] All further statutory citations are to the Health and Safety Code, unless otherwise stated.

[2] Two additional counts (counts 8 and 10) were dismissed following the prosecution's case-in-chief.

trial counsel's failure to file a discovery motion for law enforcement personnel files under Evidence Code section 1043 and *Pitchess v. Superior Court* (1974) 11 Cal.3d 531, failure to interview defense witnesses, failure to present defense witnesses, and conflict of interest. After denying the motion, the court sentenced appellant to a total of 31 years to life, consisting of 25 years to life on count 2, plus three years for a firearm enhancement and three years for the section 11370.2 prior conviction. On count 9, appellant was sentenced to six months in county jail, to be served concurrently with count 2. The terms on the remaining counts were stayed. Appellant filed a timely notice of appeal.[3]

After examining the record, appointed appellate counsel filed a brief raising no issues, but asking this court to independently review the record on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441-442. (See *Smith v. Robbins* (2000) 528 U.S. 259, 264.) On September 9, 2013, we advised appellant he had 30 days within which to submit by brief or letter any contentions or argument he wished this court to consider. No response was received.

This court has examined the entire record in accordance with *People v. Wende*, *supra*, 25 Cal.3d at pages 441-442, and is satisfied appellant's attorney has fully complied with the responsibilities of counsel, and no arguable issues exist. Accordingly, we affirm the judgment of conviction.

---

[3] Appellant's counsel has informed this court that he intends to file a petition for writ of habeas corpus raising the claims set forth in the motion for a new trial.

3

## DISPOSITION

The judgment of conviction is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.**

MANELLA, J.

We concur:

EPSTEIN, P. J.

WILLHITE, J.